1054

ANTON DASENBROCK *et al.,* Plaintiffs-Appellees, *v.* INTERSTATE RESTAU-
RANT CORPORATION, Defendant—(ANTHONY F. SPINA, Appellant.)

(No. 73-53; ▮▮▮▮▮▮▮▮)

Fifth District—July 13, 1973.

*Rehearing denied October 11, 1973.*

Anthony F. Spina, of Elmwood Park, *pro se.*

Frank H. Schniederjon, of Effingham, for appellees.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the
court:

Appellant is the registered agent of defendant corporation. After judg-
ment was rendered against the corporation, this supplemental proceeding
to discover assets was instituted by plaintiffs. A citation to discover assets
was issued by the Circuit Court of Effingham County, addressed to:

"Registered Agent, Anthony F. Spina, for Interstate Restaurant Corp. * * *." Appellant personally appeared and verbally objected to the hearing, and also presented a petition for costs incurred by him in traveling from Elmwood Park, Illinois to Effingham, Illinois. Both the verbal objection to the hearing and the petition for costs were denied by the trial court. We affirm.

There are two issues to be resolved on appeal. First, did the trial court err in denying this appellant's verbal objection to the hearing? Second, did the trial court err in denying appellant's petition for costs for his trip from Elmwood Park, Illinois to Effingham, Illinois? There is no applicable case law dealing with facts similar to those presented in the instant case. However, a reading of the applicable statutes confirms the correctness of the trial judge's rulings.

The following statutes dispose of appellant's contentions. Illinois Revised Statutes, ch. 32, sec. 157.13, provides that: "The registered agent so appointed by a corporation" shall be an agent of such corporation upon whom any process, notice, or demand required or demanded by law to be served upon a corporation, may be served. Illinois Revised Statutes, ch. 110, sec. 13.3(1) provides that a corporation may be served through its registered agent or any officer of the corporation. Illinois Revised Statutes, ch. 110, sec. 73.1, authorizes a judgment creditor to prosecute supplementary proceedings to discover assets under procedures prescribed by rule. The rule is Supreme Court Rule 277, codified as Ill. Rev. Stat., ch. 110A, sec. 277. Rule 277(c)(3) states that the citation "shall require the party to whom it is directed, or if directed to a corporation or partnership, a designated officer or a partner thereof, to appear for examination * * * concerning the property or income or indebtedness due the judgment debtor * * *." Rule 277(d) provides that "a supplemental proceeding against a judgment debtor may be commenced in the court in which the judgment was entered. Supplemental proceedings against a third party must * * * be commenced in a court of this state in which the party against whom it is brought resides * * *."

■■■ Under these statutes, service upon the appellant was proper. Appellant contends that the hearing should have been in the county of his residence on the theory that a registered agent is not a direct party to the hearing, but rather a "third party" within the meaning of Rule 277(d). We find no merit in this contention. The judgment debtor is the corporation, not the appellant. The proceeding was properly brought in the court in which judgment had been entered under Rule 277(d). The appellant as registered agent was properly served under both Ill. Rev. Stat., ch. 32, sec. 157.13 and Ill. Rev. Stat., ch. 110, sec. 13.3(1). In addition, the record shows that appellant was not only the registered

agent but also the secretary of defendant corporation. As an officer of the corporation, appellant could be served under Rule 277(c)(3) if properly designated. However, the citation does not appear in the record on appeal, so this court is unable to determine whether appellant was properly designated as an officer in the citation, and we therefore do not base our holding on this section.

The petition for costs was also properly denied. Rule 277(i) permits a court to tax the costs of witness's, stenographer's and officer's fees incurred by the person subpoenaed. This section is permissive rather than mandatory, and we find no abuse of discretion in the court's denial of the petition. This is especially so in light of the fact that appellant failed to comply with the citation by failing to bring the books and records of the corporation to the hearing.

We have examined the other contentions of the appellant and find no merit in them. Accordingly, the judgment of the Circuit Court of Effingham County is affirmed.

Judgment affirmed.

EBERSPACHER, P. J., and CREBS, J., concur.